* Dillard, J., having been of counsel did not sit on the hearing of this case.
This action is against the sureties to the bonds given by one Henry J. Pegram, guardian to the feme relator, to recover her estate in his hands. He died in 1864, and she attained her majority in the early part of the year 1874. The defence set up in the answer was a full settlement and compromise of the matters in controversy in a former suit on the same bonds and against the same sureties, and the adjudication therein. The only issue submitted to the jury was in these words: Did the female relator and the defendants, before her marriage and before the commencement of this action, come to an account and settlement of the amount due her from her late guardian, Henry J. Pegram, under authority of the court as alleged in the answer? The court instructed the jury that there was no evidence offered authorizing them to find the issue in the affirmative, and the case states that the verdict was for the relator. The record, however, shows a different finding in opposition to the charge. Thereupon the court ordered a reference to the clerk to take an account of the guardianship, and report to the next term. The defendants except to the instruction given, and to the order of reference afterwards made. The testimony of the witnesses examined on the trial is embodied in the case, so much of which only will be noticed as is necessary to a proper understanding of the exception to the charge.
It was in evidence that the relator, early in the year 1875, brought suit against the defendants as sureties on the same bonds in the superior court of Guilford, to recover what was due from her late guardian. At the term to which the summons was returnable, the defendants came to the office of the relator's attorneys and stated their intention not to resist the recovery, and their willingness and readiness to have a settlement, and pay whatever sum they were liable for. On the 29th day of March following, the relator and her mother and the defendants met at the office for the purpose *Page 217 
of effecting a settlement. The estate of the relator consisted of two notes — one unsecured and the other, the larger note, having two sureties. The dispute was as to the liability of the bond for the loss of these notes. The relator's attorneys were of opinion and so stated that the relator was entitled to recover the amount of the smaller note on which there was then due in principal and interest three hundred dollars, but not the amount of the other if the sureties were solvent when it was taken, and if by due diligence it could not have been collected since the war, and he added that he had made inquiries and was satisfied the relator could not recover for this loss. A compromise was then entered into with the approval of the relator's attorneys, by which the sureties were to pay three hundred dollars in full settlement and discharge. A part of the money was then paid to the relator and an arrangement made for her to purchase some land, and the residue paid to the attorneys not long afterwards, when their receipt was taken in these words: "Received, this 19th day of June, 1875, of Wyatt W. Ragsdale, Arch. Wilson, and Robert M. Stafford, three hundred dollars in full of all claims and demands whatever against them as sureties upon the guardian bonds of Henry J. Pegram, late guardian of Jane L. Goulsby; of this sum $75 was paid by the purchase of land, and $75 was heretofore paid in cash by said Wyatt W. Ragsdale, and a different receipt given to him therefor." Signed, Jane L. Goulsby by her attorneys Dillard and Gilmer.
This money was also soon after paid to the relator. At December term, 1875, the following final judgment was rendered in the cause by Kerr, J. "This action having been compromised by the parties it is ordered that the action be dismissed at the costs of the defendants. No attorney's fee to be taxed." Judgment for plaintiffs, appeal by defendants. *Page 218 
We are unable to see how with these facts testified to, the judge could instruct the jury that there was no evidence upon which they were warranted in finding the affirmative of the issue. If believed by them, a full and final settlement had been made, and obtained judicial sanction in the final judgment disposing of the pending action. Nor is any fact developed in the testimony tending to impugn the fairness and correctness of the adjustment itself. It occurred more than a year after the relator arrived at full age — in the presence of her mother — on the advice of her own counsel after full examination of all the facts, and it was consummated in good faith by the sureties. The confirmation by the court still remains in force and unimpeached. If the verdict is to be considered as responding affirmatively to the question, it puts an end to the case; and if not, the issue should be again submitted and passed on by the jury before any order of reference.
When the defence set up meets the action in limine and if sustained would be a bar to an account, it ought to be passed on and determined before a reference, because the account might be wholly unnecessary. Smith
v. Barringer, 74 N.C. 665. In either aspect of the case the ruling of the court is erroneous. If the verdict is for the defendants, it ends the action and they should have judgment. If for the relator, it should be set aside because of the erroneous instruction under which it was rendered.
Error. Reversed. *Page 219